UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:11-cv-502-RJC

| | |
|---|---|
| GREGORY LYNN GORDON, | ) |
| Plaintiff, | ) |
| v. | ) ORDER |
| BRIAN CLAYTON HUNCKE, et al., | ) |
| Defendants. | ) |

**THIS MATTER** is before the Court on Defendants' Motion to Dismiss, (Doc. No. 25), and Plaintiff's Motion for Leave to File Amended Complaint, (Doc. No. 27).

## I. BACKGROUND

This action was originally filed on September 23, 2011, in the District of South Carolina. (Doc. No. 1). By Order dated October 6, 2011, (Doc. No. 17), Plaintiff's Complaint was transferred to this Court and docketed on October 11, 2011, (Doc. No. 20). Finding that this action was identical to a previous action removed from the Eastern District of North Carolina and filed in this Court, (Case No. 3:11-cv-257), this Court entered an Order staying this action on December 5, 2011, (Doc. No. 32), pending resolution of Plaintiff's appeal of the Court's Order in the prior case. On January 18, 2012, the Court of Appeals for the Fourth Circuit affirmed this Court's Order dismissing Plaintiff's action in Case No. 3:11-cv-257 for failure to state a claim.

## II. DISCUSSION

A.  Res Judicata Bar

This is Plaintiff's second civil rights complaint to come before the Court concerning events that allegedly occurred on July 26, 2010. Both complaints allege that on July 26, 2010, Defendants violated Plaintiff's constitutional rights by transporting him without a warrant from the Union County Jail to South Carolina. (Doc. No. 1). Plaintiff alleges that Defendants gave him green tea to drink during the trip, which triggered a diabetic reaction and somehow caused a

car accident. (Id. at 3-4).

Because this action is almost identical to the previous action that the Court dismissed for failure to state a claim, the doctrine of res judicata bars reconsideration of Plaintiff's claims. The doctrine of res judicata prevents a party from bringing an action where such action has already been "litigated to a final judgment by that party or such party's privies and precludes the assertion by such parties of any legal theory, cause of action, or defense which could have been asserted in that action." Ohio Valley Envtl. Coalition v. Aracoma Coal Co., 556 F.3d 177, 210 (4th Cir. 2009) (quoting 18 JAMES WM. MOORE ET AL., MOORE'S FEDERAL PRACTICE ¶ 131.10(1)(a)) (3d ed. 2008)). The bar is applicable where there is (1) a final judgment on the merits in a prior suit; (2) an identity of the cause of action in both proceedings; and (3) an identity of the parties or their privies in both suits. See Grausz v. Englander, 321 F.3d 467, 472 (4th Cir. 2003). "The test for deciding 'whether causes of action are identical for claim preclusion purposes is whether the claim presented in the new litigation arises out of the same transaction or series of transactions as the claim resolved by the prior judgment.'" Laurel Sand & Gravel, Inc. v. Wilson, 519 F.3d 156, 162 (4th Cir. 2008) (internal quotations omitted) (quoting Pittston Co. v. United States, 199 F.3d 694, 704 (4th Cir. 1999)). Furthermore, "the preclusive affect of a prior judgment extends beyond claims or defenses actually presented in previous litigation, for . . . 'it prevents litigation of all grounds for, or defenses to, recovery that were previously available to the parties, regardless of whether they were asserted or determined in the prior proceeding.'" Meekins v. United Transp. Union, 946 F.2d 1054, 1057 (4th Cir. 1991) (quoting Peugeot Motors of Am., Inc. v. Eastern Auto Distrib., Inc., 892 F.2d 355, 359 (4th Cir. 1989)). The doctrine of res judicata bars Plaintiff from bringing this lawsuit. Therefore, Defendants' motion to dismiss will be granted.

B.  "Three Strikes" Consideration under § 1915(g)

Here, because Plaintiff re-filed the same meritless Complaint in another district while this action was pending in this district, the Court finds that Plaintiff's filing of this action was both

2

frivolous and malicious. Such conduct not only wastes scarce public resources, but it also has the potential to harm public confidence in the judicial system through inconsistent judicial determinations, a result that was avoided here through the vigilance of the District of South Carolina in transferring this matter to this Court.

In dismissing this action, the Court finds that this is Plaintiff's second strike under 28 U.S.C. § 1915(g), which provides as follows:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g). The Clerk of Court is instructed to note such second strike upon the docket and Plaintiff is advised that, subject to a narrow exception, a third strike will result in Plaintiff's inability to seek in forma pauperis status in future filings.

## III. CONCLUSION

**IT IS, THEREFORE, ORDERED** that:

1. The previously entered stay, (Doc. No. 32), is **LIFTED**;
2. Defendants' Motion to Dismiss, (Doc. No. 25), is **GRANTED**;
3. Plaintiff's Motion for Leave to File Amended Complaint, (Doc. No. 27), is **DENIED**; and
4. The Clerk of this Court is instructed to note upon the Court's docket that this is Plaintiff's second strike under Section 1915(g).

Signed: March 5, 2012

_(signature)_
Robert J. Conrad, Jr.
Chief United States District Judge