**UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:11-cv-502-RJC**

| | | |
|---|---|---|
| GREGORY LYNN GORDON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| BRIAN CLAYTON HUNCKE, et al., | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

**THIS MATTER** is before the Court on Plaintiff's Motion for De Novo Review, (Doc. No. 35), which the Court construes as a motion to alter or amend the judgment under Rule 59(e) of the Federal Rules of Civil Procedure.

With regard to motions to alter or amend a judgment under Rule 59(e), the United States Court of Appeals for the Fourth Circuit has stated:

> A district court has the discretion to grant a Rule 59(e) motion only in very narrow circumstances: "(1) to accommodate an intervening change in controlling law; (2) to account for new evidence not available at trial; or (3) to correct a clear error of law or to prevent manifest injustice."

Hill v. Braxton, 277 F.3d 701, 708 (4th Cir. 2002) (quoting Collison v. Int'l Chem. Workers Union, 34 F.3d 233, 236 (4th Cir. 1994)). Furthermore, "Rule 59(e) motions may not be used to make arguments that could have been made before the judgment was entered." Id. Indeed, the circumstances under which a Rule 59(e) motion may be granted are so limited that "[c]ommentators observe 'because of the narrow purposes for which they are intended, Rule 59(e) motions typically are denied.'" Woodrum v. Thomas Mem'l Hosp. Found., Inc., 186

F.R.D. 350, 351 (S.D. W. Va. 1999) (quoting 11 Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, FEDERAL PRACTICE AND PROCEDURE § 2810.1 (2d ed. 1995)).

This action was originally filed on September 23, 2011, in the District of South Carolina. (Doc. No. 1). By Order dated October 6, 2011, (Doc. No. 17), Plaintiff's Complaint was transferred to this Court and docketed on October 11, 2011, (Doc. No. 20). In this Court's Order of March 5, 2012, the Court found that the action is barred by res judicata because this Court has already dismissed an almost identical action filed by Plaintiff, docketed as 3:11-cv-257, and the Fourth Circuit affirmed the dismissal in that case. See (Doc. No. 33).

In his current motion, Plaintiff seeks an Order from this Court finding that Plaintiff was prejudiced by the South Carolina court action, and asks this Court to overturn the South Carolina district court's transfer to this court, and to "remand" for further action. (Doc. No. 35).

The Court will deny Plaintiff's motion to alter or amend its prior judgment. Plaintiff has not shown the existence of the limited circumstances under which a Rule 59(e) motion may be granted. That is, Plaintiff's motion does not present evidence that was unavailable when he filed his complaint, nor does it stem from an intervening change in the applicable law. Furthermore, Plaintiff has not shown that a clear error of law has been made, or that failure to grant the motion would result in manifest injustice to Plaintiff. See Hill, 277 F.3d at 708. As the Court found in its prior Order, (Doc. No. 33), this action is barred by res judicata. Plaintiff has failed to show that the Order should be altered.

**IT IS, THEREFORE, ORDERED** that Plaintiff's Motion for De Novo Judicial Review, (Doc. No. 35), is **DENIED**.

Signed: April 23, 2012

_____
Robert J. Conrad, Jr.
Chief United States District Judge